CRISTÓBAL LAMBOY ET AL., Plaintiffs and Appellants, *v.* PLINIO IRIZARRY, Defendant and Appellee.

No. 10542.   Argued April 1, 1952.—Decided April 8, 1952.

*Vicente Pérez Díaz* and *Ángel Díaz García* for appellants.   *César A. Montilla* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Defendant Plinio Irizarry entrusted Cristóbal Lamboy and Antonio Piovanetti, real estate brokers, with the sale of a building owned by him, located in Guayama Street, Río Piedras, on a commission that was finally reduced to $700. The building was encumbered in favor of Víctor Manuel Fernández with a mortgage for $32,000. Lamboy and Piovanetti negotiated for the sale of said building, among other persons, with the mortgagee, Fernández. After a conference between Fernández and Irizarry, in which Lamboy and Piovanetti were present, "the deal was closed," for the amount of $62,000. Irizarry would accept a mortgage credit for $30,000 that Fernández had on a farm located in Isla Verde, and his own mortgage credit on the building would be regarded paid.

Mr. Cornier, an attorney-at-law, was called to Fernández' house, where the conference was being held, and he was asked to draft the deed. According to Fernández—who testified for plaintiffs—Cornier had to investigate in the Planning Board the way in which a certain road, which was under project, and would pass in front of the building, would affect it. The deal was subject to the result of the investigation "on my part [Fernández'] before answering Mr. Irizarry."

As Fernández had to leave for the United States on the following day he authorized his father, Trinidad Fernández, to close the deal once Cornier made the aforesaid investigation. If everything was right, the deed would be signed by his father, whom he appointed as his attorney-in-fact.

While he was in New York, Cornier called him, informing him the result of his investigation: a road would pass in front of the building, eliminating the entire sidewalk, wherefore the building would be left standing on the edge of the road. Fernández told Cornier to go see his father "and reach an agreement with him." "In that case the one to decide was my father who was the one with authority to

close the deal. I was leaving the decision to my father" even when he, Fernández, would have bought with that "defect." He never learned what his father decided, for Cornier again called him to inform him that Irizarry had desisted from the sale.

Even though the lower court, upon dismissing the complaint, did so on the ground that *the sale* of the building, which was the negotiation entrusted by plaintiff to defendants, was never executed, the truth is that the operative factor herein is not whether the sale was or was not fulfilled, but whether or not the contract was perfected, since the deal—even though the vendor and the purchaser had agreed as to its conditions—was left pending for the final acceptance by the purchaser, who authorized his father—as his attorney-in-fact—to make the final decision once he learned the result of Cornier's investigation with respect to the way in which the projected road would affect the building.

■■ Plaintiffs did not introduce evidence to prove that Fernández' attorney-in-fact finally accepted the deal once the result of the investigation was known. This evidence lacking, the one introduced is insufficient to uphold plaintiffs' claim, for it was not shown that the contract was *perfected* prior to defendant having desisted from the sale. For plaintiffs to have a right to a commission, it was necessary (1) that the sale should have taken place, whereby the contract of sale would have been consummated; or (2) that the sale contract should have been *perfected*—even without consummating the sale—and the same voluntarily rescinded, *Torres* v. *Arbona, Jr.*, 72 P.R.R. 719; Judgment of the Supreme Court of Spain, June 11, 1947, 19 *Jurisprudencia Civil*, 2d Series 134; or that the purchaser should have rescinded it due to fraud, fault, or bad faith of the seller. *Torres* v. *Arbona, Jr.*, *supra*, and cases cited therein.

Since the contract of sale of defendant's building was not perfected it is obvious that plaintiffs' negotiations did not

have the desired result and, therefore, they have no right to a commission. Judgment of the Supreme Court of Spain, December 2, 1902, 94 *Jurisprudencia Civil* 622; Judgment of the Supreme Court of Spain, July 5, 1946, 15 *Jurisprudencia Civil*, 2d Series 718.

Judgment will be affirmed.